UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:
NILHAN FINANCIAL, LLC,

        Debtor.
_____/

CHITTRANJAN THAKKAR,

        Appellant,

                    Case No.     8:19-cv-2368-T-33
v.                       Bankr. No.   8:17-bk-3597-MGW

GREENSPOON MARDER, P.A.,

        Appellee.
_____/

## **ORDER**

In the context of a Chapter 7 bankruptcy proceeding, the Appellant Chittranjan Thakkar (Thakkar) appeals the Bankruptcy Court's Orders Denying Motion to Reconsider Order Overruling Objection to Proof of Claim Number 2 filed by Greenspoon Marder, P.A. and the Order Overruling Objection to Proof of Claim Number 2 filed by Greenspoon Marder P.A. On December 20, 2019, Thakkar filed his initial brief (Doc. # 14), and on January 30, 2020, Appellee Greenspoon Marder P.A. (Greenspoon) filed its answer brief (Doc. # 17). Because Thakkar lacks standing, the appeal is due to be dismissed for lack of jurisdiction.

1

## I.  **Background**

Nilhan Financial, LLC (Debtor) is a limited liability company whose corporate representative, at all relevant times, was Appellant Thakkar. (Doc. # 7 at 210). In proceedings below, Thakkar identifies himself as appearing pro se "on behalf of equity in" the Debtor. See (Doc. # 9 at 4). It is undisputed that Thakkar is a member of the Debtor LLC. (Doc. # 6-43 at 3-4).[1]

Beginning in February 2013, the law firm Greenspoon represented Thakkar, the Debtor, and several related entities (collectively Thakkar Defendants) in two state court complex commercial lawsuits in which the Thakkar Defendants faced the possibility of multi-million-dollar judgments.[2] See, e.g., (Doc. ## 6-13, 6-14, 6-15, 6-16). Greenspoon filed its notice

---

[1] While Greenspoon alleges that the Debtor was owned equally by brothers, Niloy Thakkar and Rohan Thakkar until August 28, 2018, when Niloy transferred a twenty-percent ownership interest in the Debtor to his father, Appellant Thakkar, (Doc. # 17 at 7), there is no record evidence establishing the extent of Thakkar's interest in the Debtor other than the fact he is a member. However, it appears, his interests, if any, are subject to a significant lien. See FN 2, infra.

[2] A charging order in the state court cases reflects that SEG Gateway, LLC obtained a Final Judgment against Thakkar, individually, in the principal sum of $12,000,000.00. (Doc. # 6-43 at 3). Of note, the charging order states that any interest that Thakkar individually held as a member of Nilhan Financial, LLC is subjected to an encumbrance, lien and charging order in the amount of the judgment in favor of and for the benefit of SEG. (Id.)

of appearance in the state court cases on February 13, 2013.
(Doc. # 6-79 at 10-11). After a significant amount of legal
work was done for which Greenspoon was not paid, Greenspoon
moved to withdraw as counsel of record for the Thakkar
Defendants on March 25, 2013.[3] (Doc. # 6-17). The Circuit
Judge granted Greenspoon's motion to withdraw on April 2,
2013. (Doc. # 6-18).

Facing judgments against it, the Debtor was placed into
an involuntary Chapter 7 bankruptcy on March 20, 2017. (Doc.
# 6-5 at 3). On July 26, 2017, the case was converted to a
Chapter 11, see (Id. at 13), and on December 15, 2017, the
case was reconverted to a Chapter 7. (Id. at 33).

On September 26, 2017, Appellee Greenspoon filed a proof
of claim number 2 in the Debtor's bankruptcy case reflecting
an unsecured claim in the amount of $166,200.47, representing
pre-petition unpaid attorneys' fees and costs due and owing

---

[3] Thakkar was represented by multiple law firms in the state
court cases. Shortly after Greenspoon's appearance, an order
permitting the withdrawal of two of the law firms was entered
February 20, 2013. (Doc. # 6-42). Additionally, there are two
other pending appeals in this court in which Thakkar appeals
the Bankruptcy Court's order overruling his objections to
claims asserted by law firms that represented the Debtor. See
Thakkar v. Holland & Knight, LLP, 8:19-cv-1116-T-23; Thakkar
v. Nejame Law, P.A., 8:19-cv-2369-T-02.

to Greenspoon by the Debtor. (Doc. # 6-79). On October 2, 2017, Greenspoon filed an amended claim. (Doc. # 6-80).

Greenspoon's claim asserted in the bankruptcy court represents the balance of the fees and costs owed by Debtor to Greenspoon for prepetition legal representation in the state court cases. (Doc. ## 79, 80).

On August 15, 2018, Niloy Thakkar filed an objection to the Greenspoon claim. (Doc. # 6-6). In support of his objection, he claimed (1) there was no signed engagement letter between the parties; (2) Greenspoon was not lead counsel in the underlying state court litigation; (3) Debtor did not receive bills from Greenspoon; (4) the legal work performed by Greenspoon was not authorized; (5) the statute of frauds precludes recovery; and (6) the statute of limitations bars the claim. (Id. at 2). Thakkar filed a joinder in the objection on November 6, 2018 (Doc. # 6-8), and an amended joinder on May 31, 2019, alleging additional grounds that the fees and expenses are unreasonable and unauthorized. (Doc. # 6-32).

On September 13, 2018, Greenspoon filed its response in opposition to the objection, arguing that Niloy Thakkar failed to provide evidence or factual allegations sufficient to rebut the presumption of validity the claim enjoys. (Doc.

# 6-7). Additionally, Greenspoon filed a legal memorandum supporting its opposition to the Thakkar objections. (Doc. # 6-68).

A full-day trial was held on June 18, 2019, before Chief Bankruptcy Judge Michael G. Williamson on Niloy Thakkar and Thakkar's objections to Greenspoon's claim. (Doc. # 7). At the trial, Greenspoon's corporate representative, Richard Epstein, testified, and Thakkar cross examined him. (Id. at 21–200). In addition to the testimony of Epstein, the Bankruptcy Court considered correspondence, emails, invoices, and pleadings submitted into evidence by Greenspoon. (Id.). In closing, Greenspoon's counsel argued that Greenspoon was engaged on February 9, 2013, on behalf of the Thakkar Defendants in extraordinarily complicated litigation in which multiple attorneys had previously withdrawn. (Id. at 202). Greenspoon immediately began working on the state court cases, seeking a continuance of the impending trial, dealing with a sanction order against Thakkar, resolving a *lis pendens*, and defeating a temporary restraining order. (Id.). Thakkar received his February bill in March and requested Greenspoon to stop working. Emails went back and forth and ultimately Thakkar allowed and consented to Greenspoon continuing its representation, including preparing for and

defending Thakkar's deposition. (_Id._ at 203). Greenspoon contends that although the engagement letter sent to Thakkar was not signed by Thakkar, the agreement of representation was never repudiated. (_Id._ at 202). Greenspoon performed under the agreement, but other than a ten-thousand-dollar retainer and another payment, the bulk of the billed attorneys' fees were not paid. Given the short time frame Greenspoon had to get up to speed on the complex business litigation and prepare a defense, Greenspoon submits that it was not unreasonable or out of the ordinary for the firm to actively work the case before the engagement letter had been signed. (_Id._ at 204).

In response, Thakkar argues that there was no meeting of the minds because there was no signed agreement. (_Id._ at 205). His position is that the whole history of the relationship was a consulting agreement, and he submits he made clear from the outset that he could not afford a full-scope representation. (_Id._). His understanding was the law firm would limit the scope to keep control of the fees and expenses. (_Id._). Thakkar additionally argues the amount of fees billed was unreasonable with entries of 28 to 38 hours in a day, during a time period Thakkar contends little was happening. (_Id._ at 206). Next, Thakkar argued the claim was

barred because the four-year statute of limitations governing oral contracts had expired. (Id. at 206–07). Finally, Thakkar argues that Greenspoon wrote off the debt because they knew it was not a valid debt, and therefore the Debtor should not have to pay a debt that was written off. (Id. at 208).

At the end of the trial, the Bankruptcy Court overruled Thakkar's objections and approved Greenspoon's claim in full. (Id. at 218). In reaching this conclusion, the Bankruptcy Court first found that a written signed letter of engagement was not required for a client to have liability for attorneys' fees under a quantum meruit theory or oral contract law. (Id. at 211). The Bankruptcy Court found that Greenspoon provided its clients with the hourly rates and the way the work would be billed. (Id. at 212). The Bankruptcy Judge further noted the massive undertaking of the law firm to jump into the middle of the complex litigation with upcoming deadlines and sanction motions that required immediate attention. (Id. at 212–13). He also found the fact that Greenspoon wrote off the debt did not absolve the liability of the Debtor for the fees owed. (Id. at 217). The Bankruptcy Judge rejected Thakkar's statute of limitations argument, explaining that a creditor has two years from the date of the petition in which to file a claim, and thus the claim was well within the statute of

limitations. Lastly, the Bankruptcy Court observed that Thakkar introduced no expert testimony or other competent substantial evidence challenging the reasonableness of the fees. (Id. at 217–18). On June 25, 2019, the Bankruptcy Court issued an Order overruling the objections to Greenspoon's claim and allowing Greenspoon an unsecured claim in the amount of $166,200.47. (Doc. # 6-2). Thakkar filed a motion for reconsideration (Doc. # 6-78). A hearing on the motion was held on August 22, 2019. (Doc. # 9). After hearing argument, the Bankruptcy Court denied the motion for reconsideration. (Doc. ## 6-3; 9 at 14). This appeal followed.

## II. **Legal Standard**

### A. **Standard of Review**

Upon entry of a final order by the Bankruptcy Court, a party may appeal to the United States District Court pursuant to 28 U.S.C. § 158(a). The District Court functions as an appellate court in reviewing decisions of the Bankruptcy Court. Varsity Carpet Servs., Inc. v. Richardson (In re Colortex Indus., Inc.), 19 F.3d 1371, 1374 (11th Cir. 1994). This Court reviews the Bankruptcy Court's legal conclusions *de novo* but must accept the Bankruptcy Court's factual findings unless they are clearly erroneous. Rush v. JLJ Inc. (In re JLJ Inc.), 988 F.2d 1112, 1116 (11th Cir. 1993).

8

**B.** **Standing to Appeal**

The Eleventh Circuit has adopted the "person aggrieved"
doctrine, which "holds that only a person aggrieved has
standing to appeal a bankruptcy court's order." In re Westwood
Cmty. Two Ass'n Inc., 293 F.3d 1332, 1335 (11th Cir. 2002).
The Eleventh Circuit's "precedent has limited persons
aggrieved to those with 'a financial stake in the order being
appealed,' that is, those who are 'directly, adversely, and
pecuniarily affect[ed]' by the order." Tucker v. Mukamal, 616
F. App'x 969, 972 (11th Cir. 2015) (quoting In re Westwood,
293 F.3d at 1335, 1337-38).

## III. Analysis

In this appeal, Thakkar seeks reversal of the Bankruptcy
Court's order overruling his objections to the Greenspoon
claim. In its answer brief, Greenspoon first challenges
Thakkar's standing to pursue the appeal and then raises
multiple arguments on the merits. "Standing 'is the threshold
question in every federal case, determining the power of the
court to entertain the suit.'" Maverick Media Grp., Inc. v.
Hillsborough Cty., Fla., 528 F.3d 817, 819 (11th Cir. 2008)
(quoting Warth v. Seldin, 422 U.S. 490, 499 (1975)). "'In the
absence of standing, a court is not free to opine in an
advisory capacity about the merits of a plaintiff's claims,'

. . . and 'the court is powerless to continue.'" <u>CAMP Legal</u> <u>Def. Fund, Inc. v. City of Atlanta</u>, 451 F.3d 1257, 1269 (11th Cir. 2006) (citations omitted).

As the party invoking the court's jurisdiction, Thakkar bears the burden of demonstrating he has standing to pursue this appeal. "Standing . . . is a doctrine rooted in the traditional understanding of a case or controversy .... [It] limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." <u>Spokeo, Inc. v. Robins</u>, 136 S. Ct. 1540, 1547 (2016) (citations omitted). To demonstrate standing, a plaintiff (or, as in this case, an appellant) bears the burden of showing "(1) an injury in fact, meaning that an injury is concrete and particularized, and actual or imminent, (2) a causal connection between the injury and the causal conduct, and (3) a likelihood that the injury will be redressed by a favorable decision." <u>Granite State Outdoor Advert., Inc. v.</u> <u>City of Clearwater, Fla</u>., 351 F.3d 1112, 1116 (11th Cir. 2003) (citations and emphasis omitted).

Many courts have endorsed practical limitations on standing in bankruptcy cases. The Eleventh Circuit, for example, has held that a person has standing to appeal an order of a bankruptcy court only if he is a "person aggrieved"

by the order. <u>In re Westwood</u>, 293 F.3d at 1335. In the context of bankruptcy appeals, the "person aggrieved doctrine restricts standing more than Article III standing, as it allows a person to appeal only when they are 'directly and adversely affected pecuniarily by the order.'" <u>Id.</u> (quoting <u>In re Troutman Enter., Inc.</u>, 286 F.3d 359, 364 (6th Cir. 2002)). In other words, "the person aggrieved doctrine limits standing to appeal a bankruptcy court order to those individuals who have a financial stake in the order being appealed." <u>In re Westwood</u>, 293 F.3d at 1335 (citations omitted). A party has a financial stake in the bankruptcy court's order when that order "diminishes their property, increases their burdens or impairs their rights." <u>Id.</u> (quoting <u>Troutman</u>, 286 F.3d at 364). Thakkar fails to demonstrate how the Bankruptcy Court's order here approving the Greenspoon claim has diminished Thakkar's property, increased his burdens, or impaired *his* rights.

Thakkar has filed no reply to Greenspoon's standing challenge,[4] nor has he proffered any evidence to demonstrate

---

[4] This Court entered a briefing order in which Thakkar was advised that he could file a reply within 14 days of the answer brief. (Doc. # 11). <u>See</u> <u>also</u> Fed. R. Bankr. P. 8018(a)(3) ("appellant may serve and file a reply brief within 14 days after service of the appellee's brief"). The reply

he is a "person aggrieved." As a member of a limited liability company, Thakkar owns no interest in the LLC's property under Florida law. See Fla. Stat. § 605.0110(4) ("A member of a limited liability company has no interest in any specific limited liability company property."). Bankruptcy courts have similarly recognized the limited interest of an LLC member. See, e.g., In re Whittle, 449 B.R. 427, 430 (Bankr. M.D. Fla. 2011) ("The Florida statutory scheme is clear that a limited liability company holds property separate and apart from the property of its members."). Although Thakkar was able to establish standing to assert an objection in the bankruptcy proceedings, that fact alone does not give him standing to appeal an order of the Bankruptcy Court. See In re Westwood, 293 F.3d at 1337 ("[A]lthough the party in interest standard is pertinent to determine who may object to the allowance or disallowance of claims, the proper inquiry to determine who may appeal a bankruptcy court order is the person aggrieved standard."). For purposes of this appeal, Thakkar fails to establish that he is a person aggrieved, that is, that he has suffered a direct, adverse, pecuniary impact from the order.[5]

deadline has passed, and Thakkar has not filed a reply, nor sought an extension of time in which to do so.

[5] In a recent related appeal to the District Court initiated by Thakkar from the same bankruptcy case, the Honorable Mary

Greenspoon argues that Thakkar fails to meet the "person aggrieved" standard endorsed by the Eleventh Circuit because he fails to have the requisite pecuniary interest in the order on appeal. The Court agrees. The order on appeal does not affect Thakkar directly. While the order might affect the value of the equity in the Debtor LLC, there is no evidence before the Court that such surplus, if any, would inure to Thakkar's benefit. As a member of the LLC, he has no ownership interest in the property of the LLC under Florida law.[6] See SE Prop. Holdings, LLC v. McElheney, No. 5:12CV164-MW/EMT, 2016 WL 7494300, at *2 (N.D. Fla. May 7, 2016) (citing Section 605.0110, Fla. Stat. (2015)) ("An LLC is a separate legal entity from its members, and the money in an LLC's bank account, like all property held by an LLC, is its own property—its members 'ha[ve] no interest in any specific

_____

S. Scriven similarly found Thakkar was not a person aggrieved, and thus had no standing to appeal where, as a member of the LLC Debtor, he failed to show that he was directly, adversely and pecuniarily affected by the bankruptcy court's order on appeal. See Thakkar v. Good Gateway, LLC, 8:18-cv-2996-T-30, Doc. # 29.

[6] Other courts addressing the issue in a shareholder context have similarly concluded that shareholders, even of closely held corporations, lack standing to pursue appeals of bankruptcy orders. See, e.g., In re Dein Host, Inc. (Pignato v. Dean Host, Inc.), 835 F.2d 402, 405-06 (1st Cir. 1987) (holding that "even a sole shareholder acquires no personal cause of action because of an injury-real or threatened-to the corporation").

limited liability company property'"). Thus, even if a surplus existed, the surplus would belong to the Debtor limited liability company, not Thakkar, and there is no evidence before the Court by way of by-laws or member agreements to demonstrate otherwise.

**IV. <u>Conclusion</u>**

The Court finds that Thakkar does not have standing to pursue this appeal. Specifically, the Court finds that Thakkar is not a person aggrieved, in that he has not shown that he is directly, adversely, and pecuniarily affected by the Bankruptcy Court's order from which this appeal is taken. The Court therefore does not reach the merits of the case. <u>See</u> <u>Bochese v. Town of Ponce Inlet</u>, 405 F.3d 964, 974 (11th Cir. 2005) ("In the absence of standing, a court is not free to opine in an advisory capacity about the merits of a plaintiff's claims.").

Accordingly, the Court **ORDERS** that this appeal is **DISMISSED** for lack of standing by Appellant Thakkar. The Clerk is directed to **CLOSE** this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>3rd</u> day of March, 2020.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE